THE ATTORNEY GENERAL
OF TEXAS



WAGGONER CARR
ATTORNEY GENERAL

May 23, 1966

Mr. Wm. J. Burke                    Opinion No. C-689
Executive Director
State Board of Control          Re:   Whether all or any portion
Austin, Texas                         of the surplus iron fence,
                                      now in storage, could be
                                      used at the Governor's
                                      Mansion without conflicting
                                      with the provisions of
Dear Mr. Burke:                       S.C.R. No. 29.

        Your letter dated May 5, 1966, requesting an opinion
of this office reads, in part, as follows:

            ". . .

            "For several years a portion of the iron
    fence that formerly completely surrounded the
    Capitol grounds has been in the custody of the
    Board of Control and in storage.  While the
    fence has been and will continue to be main-
    tained and painted while in storage, it is our
    opinion that at least a portion of this fence
    could better serve the purposes of the State
    of Texas if it could be installed around the
    Mansion property.

            ". . .

            "Our question is - could all or any por-
    tion of the surplus iron fence now in storage
    be used at the Governor's Mansion without
    conflict with the provisions of SCR 29."

        Senate Concurrent Resolution No. 29, Acts 57th Legis-
lature, First Called Session 1961, p. 482, reads as follows:

-3310-

"WHEREAS, The building program of the State Building Commission has necessitated the removal of a good part of the iron fence surrounding the Capitol grounds; and

"WHEREAS, It is the desire of the Legislature that as much of the fence as can be restored should be restored, but that which cannot be used should be disposed of rather than being allowed to rust and be wasted; now therefore, be it

"RESOLVED, By the Senate of Texas, the House of Representatives concurring, that the Board of Control be requested to work with the State Building Commission toward restoring as much of the iron fence as practical to the campus of the State Capitol and that any surplus fence be sold according to law.

"Adopted by the Senate, August 8, 1961; adopted by the House, August 8, 1961.

"Approved and filed Aug. 26, 1961."

The word "campus", used in the text of Senate Concurrent Resolution No. 29 has several meanings. Among those meanings cited in BLACK, LAW DICTIONARY (4th ed. 1951) at page 258 is the following:

". . . A field, or plain.

". . ."

By the enactment of Article 678e, Vernon's Civil Statutes, the Legislature evidenced an intent that the area encompassed by the aforementioned word "campus" in reference to the grounds of the State Capitol would include the grounds of the Governor's Mansion.

Section 1 of Article 678e, Vernon's Civil Statutes, reads, in part, as follows:

"Section 1. It shall be unlawful for any
person to trespass upon the grass plots or flower-
beds, or to damage or deface any of the buildings,
or cut down, deface, mutilate or otherwise injure
any of the statues, monuments, memorials, trees,
shrubs, grasses or flowers on the grounds or
commit any other trespass upon any property of
the state, real or personal, located on the
grounds of the State Capitol or other property
owned by the State of Texas bounded by Eleventh
Street, Nineteenth Street, San Jacinto Street
and Colorado Street in the City of Austin; or on
the grounds of the Governor's Mansion bounded
by Tenth Street, Eleventh Street, Colorado Street
and Lavaca Street in the City of Austin; . . ."

Moreover, by Article 665, Vernon's Civil Statutes,
custodianship of State property is vested in the State Board
of Control.

In adopting this concurrent resolution, the Legis-
lature was only concerned with the fact that the iron fence
that was in storage would "rust and be wasted." This is evi-
dent from the following language used in the resolution:

". . . but that /the iron fence/ which can-
not be used should be disposed of rather than
being allowed to rust and be wasted. . . ."

Therefore, it is our opinion that all or any portion
of the surplus iron fence now in storage may be used at the
Governor's Mansion without conflicting with the provisions of
Senate Concurrent Resolution No. 29, the terms of which evidence
the legislative intent that the surplus iron fence be utilized
in the best possible manner in the area of the State Capitol.

## S U M M A R Y

All or any portion of the surplus iron fence
now in storage may be used at the Governor's
Mansion without conflicting with the provisions
of Senate Concurrent Resolution No. 29.

Very truly yours,

WAGGONER CARR
Attorney General

By: Alan Minter
Alan Minter
Assistant

AM:ra

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Banks
Lewis Berry, Jr.
Roy Johnson
Linward Shivers

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright